**CHI THIEN DUONG, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 06–40515

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 2007.

---

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Chi Thien Duong, federal prisoner # 04236–078, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his convictions for possession with intent to distribute cocaine and two counts of using and carrying a firearm during and in relation to a drug trafficking offense. Duong argues that he was actually innocent of the second firearm conviction because he was not convicted of a second drug trafficking offense. He asserts that his second firearm conviction was improper because the jury instructions on that charge were incorrect. He further maintains that the second firearm conviction violated the prohibition against double jeopardy. In support of his claims, Duong relies upon the Supreme Court's decisions in *Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), as well as several lower court decisions.

 We review the district court's findings of fact for clear error and its conclusions of law de novo. *See Christopher v. Miles,* 342 F.3d 378, 381 (5th Cir. 2003). All of the Supreme Court decisions relied upon by Duong were already decided by the time Duong filed his 28 U.S.C. § 2255 motion in 1996. As Duong has not shown that his claims are based upon a retroactively applicable Supreme Court de-

Chi Thien Duong, Three Rivers, TX, pro se.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Respondent–Appellee.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cision that decriminalized the conduct for which he was convicted and were foreclosed at the time he filed his § 2255 motion, Duong has not made the required showing to challenge his convictions in a § 2241 petition. *See id.* at 382. Although Duong relied upon the Supreme Court's decision in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), in the district court, he does not raise that argument in this court and the argument is, therefore, waived. *See Hughes v. Johnson,* 191 F.3d 607, 613 (5th Cir.1999).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.